IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAHMAES ZAIRE DATES,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 21-CV-37** |
| : | |
| **CITY OF EASTON** : | |
| **POLICE DEPARTMENT,** *et al.*, : | |
|     **Defendants.** : | |

## MEMORANDUM OPINION

Plaintiff Jahmaes Zaire Dates, a prisoner currently incarcerated at SCI-Benner Township, filed this civil action alleging a violation of his civil rights. Named as Defendants are the City of Easton Police Department and Police Officer Justin Winters. Dates has also sought leave to proceed *in forma pauperis*. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and dismiss Dates' Complaint in part with prejudice and in part without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Dates will be granted leave to file an Amended Complaint.

**I.     FACTUAL ALLEGATIONS[1]**

A review of the public dockets reveals that Dates was arrested on August 3, 2018 in Easton, Pennsylvania by Defendant Winters. *See Commonwealth v. Dates*, CP-48-CR-0003581-2018 (C.P. Northampton). Dates pleaded guilty to a charge of possession of a firearm as a prohibited person in violation of 18 Pa. Cons. Stat. § 6105(a)(1). On July 24, 2019, he was sentenced to a minimum of 54 months to a maximum of 108 months imprisonment. *Id.* at 5.

---

[1] The following allegations are taken from Dates' Complaint and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Dates filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act which was denied; he has an appeal currently pending in the Superior Court of Pennsylvania. *Id.* at 12-15.

The allegations in Dates' Complaint are quite brief. He contends that while he "was lying unconscious in an alleyway Officer Justin Winters unlawfully searched and seized" him and "was deliberately indifferent to a medical emergency." Dates also claims that Defendant Winters "failed to seek medical assistance which was desperately needed." Dates seeks damages for "lost time" and punitive damages in the amount of $1.2 million.

## II.   STANDARD OF REVIEW

Dates leave to proceed *in forma pauperis* shall be granted because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires dismissal of the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires a determination of whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations do not suffice. *Id.* As Dates is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is

---

[2] However, as Dates is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Dates' Complaint Fails to State a Claim

Dates' pleading in its current form is conclusory and falls short of providing sufficient factual allegations to state plausible claims.  He asserts that Defendant Winters "unlawfully searched and seized" him.  The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  However, Dates does not provide any specific facts to support his conclusory assertion that Defendant Winters "unlawfully searched and seized him."  Even construing the allegations in the Complaint liberally, the circumstances of Dates' arrest are unclear.  Absent any factual allegations explaining why the search and seizure was unlawful, the Complaint cannot support a plausible Fourth Amendment Claim.  *See Iqbal*, 556 U.S. at 678.

Dates also alleges that Defendant Winters "was deliberately indifferent to a medical emergency" and "failed to seek medical assistance which was desperately needed."  Although Dates is currently a convicted prisoner, it appears he was a pretrial detainee at the time of the events in question.  Claims of inadequate medical care by pretrial detainees are evaluated "under the Due Process Clause of the Fourteenth Amendment, which prohibits the defendants from

3

undertaking acts that amount to punishment." *Thrower v. Alvies*, 425 F. App'x 102, 104 (3d Cir. 2011) (citing *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005)). Because "the Fourteenth Amendment affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner,'" pretrial detainees' claims of inadequate medical care are evaluated pursuant to the standard governing such claims under the Eighth Amendment. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017) (per curiam) (pretrial detainee's claims of inadequate medical care under the Fourteenth Amendment are analyzed under the standard for similar claims under the Eighth Amendment).

The Eighth Amendment prohibits deliberate indifference to pretrial detainees' serious medical needs. *Natale*, 318 F.3d at 582 (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). "To demonstrate deliberate indifference to medical needs, a plaintiff must show (i) a serious medical need, (ii) acts or omissions by law enforcement officials that indicate deliberate indifference to that need, and (iii) a causal connection between the indifference and the plaintiff's injury." *Smith v. Gransden*, 553 F. App'x 173, 177 (3d Cir. 2014) (internal citations and quotations omitted). "Deliberate indifference is a 'subjective standard of liability consistent with recklessness as that term is defined in criminal law.'" *Id.* (quoting *Natale*, 318 F.3d at 582). "Deliberate indifference exists where there is 'objective evidence that [a] plaintiff had serious need for medical care' and the need was ignored or delayed for non-medical reasons." *Id.* (alteration in original) (quoting *Natale*, 318 F.3d at 582). With respect to an arrestee, "a police officer [must] . . . provide medical care to an individual who was injured during the course of an arrest when the need is so obvious that a reasonably trained officer would recognize the necessity

for attention." *Klein v. Madison*, 374 F. Supp.3d 389, 423 (E.D. Pa. 2019) (alteration in original) (quoting *Bornstad ex rel. Estate of Bornstad v. Honey Brook Twp.*, 2005 WL 2212359, at *19 (E.D. Pa. Sept. 9, 2005)). Moreover, a serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Here, because Dates' Complaint does not provide any factual allegations pertaining to the nature of the alleged medical need or the purported deliberate indifference, it does not support a plausible Fourteenth Amendment claim under the *Iqbal* pleading standard.

While Dates has failed to state a plausible claim at this time, it is not outside the bounds of possibility that Dates, if granted the opportunity, could allege sufficient facts to plausibly state a claim for relief. Accordingly, Dates' claims will be dismissed without prejudice, and Dates will be granted leave to file an Amended Complaint within thirty (30) days if he wishes to proceed with the case. In so doing, however, Dates should be mindful that his Complaint is deficient for other reasons as well as discussed below.[3]

### B. Official Capacity Claims

Dates has sued Defendant Winters in his individual and official capacities. Claims against police officers named in their official capacity are indistinguishable from claims against the municipality that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)

---

[3] It should be noted that the Pennsylvania statute of limitations applicable to Section 1983 claims is two years. *See* 42 Pa. Cons. Stat. § 5524; *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wisniewski v. Fisher*, 857 F.3d 152, 157-58 (3d Cir. 2017). A cause of action brought pursuant to Section 1983 "accrues when the plaintiff knew or should have known of the injury upon which his action is based." *Wisniewski*, 857 F.3d at 158 (alteration omitted). The date upon which the statute of limitations begins to run varies, however, depending on the type of claim a plaintiff presents. Because Dates' Complaint fails to include sufficient factual allegations, the accrual dates are unclear. If Dates elects to file an Amended Complaint, he should be mindful of this issue.

("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978))). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* To assert a plausible official capacity claim, therefore, a plaintiff must allege that the municipality had a policy or custom that caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale*, 318 F.3d at 583-84. The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). As Dates has failed to make any custom or policy allegation to support a claim against Defendant Winters in his official capacity, these claims must also be dismissed as not plausible. Dates will be permitted to amend these claims as well.

      **C.**      **Claims Against Defendant City of Easton Police Department**

Dates cannot state claims against the City of Easton Police Department. Following the Supreme Court's decision in *Monell*, 436 U.S. at 694, courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g.*, *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under Section 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in a Section 1983 action because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability."); *Hadesty v. Rush Twp. Police Dep't*, 2016 WL 1039063, at \*9 n.4 (M.D.

Pa. Mar. 15, 2016) ("A municipal police department cannot be sued separately from the municipality of which it is a part because it is not a separate independent entity."). Therefore, the City of Easton Police Department is not a proper defendant in this case under Section 1983 and any claims against it shall be dismissed with prejudice.

An appropriate order follows.

February 23, 2021  BY THE COURT:


/s/Wendy Beetlestone, J.
_____
**WENDY BEETLESTONE, J.**