IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAHMAES ZAIRE DATES,** :  | |
| Plaintiff, : | |
| : | |
| v.  : | **CIVIL ACTION NO. 21-CV-37** |
| : | |
| **CITY OF EASTON** : | |
| **POLICE DEPARTMENT,** *et al.*, : | |
| Defendants. : | |

## ORDER

**AND NOW**, this 23rd day of February, 2021, upon consideration of Plaintiff Jahmaes Zaire Dates' application to proceed *in forma pauperis* (ECF No. 5), Prisoner Trust Fund Account Statement (ECF No. 6), and *pro se* Complaint (ECF No. 2), **IT IS ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Jahmaes Zaire Dates, #NX-4983, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI-Benner Township or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Dates' inmate account; or (b) the average monthly balance in Dates' inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Dates' inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Dates' inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI-Benner Township.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

   a. All claims against Defendant City of Easton Police Department are **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **TERMINATE** the City of Easton Police Department as a Defendant.

   b. All other claims are **DISMISSED WITHOUT PREJUDICE** for failure to state claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

6. Dates is given leave to amend within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Dates' claims against each defendant. Dates may not reassert a claim against a party already dismissed with prejudice. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Dates should be mindful of the reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Dates a blank copy of the Court's current standard form to be used by a self-represented litigant filing a civil rights action bearing the above-captioned civil action number. Dates may use this form to file his amended complaint

if he chooses to do so.  This form is also available on the Court's website at

http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

        8.        If Dates does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

        9.        If Dates fails to file any response to this Order, the Court will conclude that Dates intends to stand on his Complaint and will issue a final order dismissing this case.  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**

3