In The United States District Court
For The Eastern District Of Pennsylvania

JAHMAES ZAIRE DATES

    (PLAINTIFF)

                                Civil Action No.
                                21 - 0037

    v.

Officer Justin Winters
John Doe (OFFICERS ON SCENE)
John/Jane Doe (Northampton County
Prison Intake staff); John/Jane
Doe (Medical Staff); John/Jane Doe
Police Supervisor/Training and Welfare
Department). etc. all.

           (DEFENDANTS)

## AMENDED COMPLAINT

To The Honorable Judge(s) of said Court:

    1. Now, comes the Plaintiff, Pro-Se, after being formally denied Counsel, at this time amending his complaint, based off an order of this court (March 26, 2021). Within such order the Plaintiff was granted an extension of time not to exceed post (April 26, 2021). On this day (April 17, 2021) the Plaintiff is sending this court an amended complaint via First Class Mail, in accordance to the time ordered by this court. Wherefore, Plaintiff herein holds firmly that such amendment is indeed timely and respectfully represents the following:

(-1-)

## STATEMENT OF JURISDICTION & VENUE

2. The United States District court for The Eastern District of Pennsylvania, shall possess lawful Jurisdiction to Grant, Accept, or Deny such Amendment.

3. Northampton County is indeed the place where Matters claimed herein arised, deeming The United states District court for The Eastern District of Pennsylvania, the proper venue to adjudicate etc. this Matter.

## PLAINTIFF

4. Plaintiff, Jahwaes Zaire Dates, at the time such claims arised Has indeed a citizen of the United states, with firm protected Constitutional rights, which in this particular case the safeguards of such rights were infringed upon.

5. Plaintiff, Jahwaes Zaire Dates, at times Mentioned herein Has indeed, by the deprivation of his own liberty an incarcerated inmate at the Northampton County Jail.

6. Plaintiff, Jahwaes Zaire Dates, indeed is currently incarcerated at the State Correctional Institution, Benner Township [ 301 Institution Drive, Bellefonte, Pa 16823 ]

(2)

## DEFENDANTS

7. Defendant, J. Winters, was indeed a Police Officer for the City of Easton, and at all times mentioned herein held the position (to be named) at the time of such incident/claim.

8. Defendant(s) John and/or Jane Doe (to be named) were indeed Northampton County Jail staff (Intake), and at all times mentioned herein held the position of Intake staff at the times of such incident/claim.

9. Defendant(s) John and/or Jane Doe (to be named) were indeed Northampton County Jail (Medical Staff), and at all times mentioned herein held the position of Medical staff at the times of such incident/claim.

10. Defendant(s) John and/or Jane Doe (to be named) were indeed Police Officer(s) for the City of Easton, and at all times mentioned herein held the position(s) (to be named) at the time such incident/claim occured.

11. Defendant(s) John and/or Jane Doe (to be named) were indeed the Easton Police Training and/or Safety/Welfare supervisor within a respectable time frame in course to the claims herein. It is Plaintiff's firm belief that such person(s) are in charge of making sure policies and protocols are

(3)

followed by the officers in which the department employ.

## STATEMENT OF FACTS

12. On august 3, 2018, a garbage crew found the Plaintiff on 13th street (1300 Northampton St.), Laying near a dumpster.

13. Police were dispatched to the Dunkin Donuts and observed a male (the Plaintiff) laying on the ground behind the store.

14. Officers stated once they made contact they could immediately smell alcohol coming from the Plaintiffs person.

15. Officers then tried to wake Plaintiff up out of his sleep and/or unconsciousness.

16. A firearm was found on the Plaintiff alledgedly in course of trying to wake the Plaintiff from his sleep and/or unconsciousness.

17. Officers also later found dangerous controlled substances, namely crack cocaine in one clear baggie and powdered cocaine in a seperate clear baggie.

(4)

18. After careful research and advocacy from Counsel, Plaintiff learned that he was taken straight to the Police Station for processing, etc. and was not seen by EMS, nor Hospital, Doctor, etc.

19. After careful research and advocacy from Counsel, Plaintiff learned that he was then taken to the Northampton County Jail for further processing, and still was not seen by EMS, nor Hospital, Doctor, etc. and was not treated by medical staff at the jail.

20. After careful research and advocacy from Counsel, Plaintiff learned that no alcohol test to see how much Plaintiff consumed was administered. Nor any field alcohol test (Breathalizer) was used to determine if Plaintiff was well over average or legal limitations.

21. After careful research and advocacy from Counsel, Plaintiff learned that no urine sample, drug test, etc. was used on the scene, nor at the Police Station or the County Jail to determine if any large or small quanity of narcotics were consumed with alcohol that could send Plaintiff into shock, harm him at the present time or the future, if not treated immediately or treated correctly. Not limited to alcohol poison.

22. After careful research and advocacy from counsel, Plaintiff learned that when a person is laying in the streets due to intoxication, or from a controlled substance it is standard protocol that the EMS are called for safety measures to insure a person doesn't suffer/die from whatever they consumed.

## ARGUEMENT

23. Plaintiff, with the deprivation of his own liberty, feels that he firmly needs this Honorable Court to reconsider their denial of counsel. Plaintiff feels he was not afforded proper safety precautions from the time he was encountered by the police officer(s), at the Police Station, and further at the county jail.

24. Plaintiff desperately needs this Honorable Court to grant him counsel to properly articulate his claims and execute his arguements and documents properly and on time.

25. Plaintiff herein is trying to articulate his claims the best he can and prays this Honorable Court allows him to proceed.

(10)

26. With respects to the matter of Officer Justin Winters unlawfully searching and seizing him, Petitioner understands that such matter is indeed a matter of dispute to be rectified at the conclusion of his criminal case, and at such conclusion it will be determined if his Constitutional Rights were infringed upon and respects this Courts position as to not come to such conclusion.

27. Plaintiff firmly believes that although this Honorable Court will not entertain the dispute of illegal search and seizure, This Honorable Court has the power to hear the Plaintiff on the safety aspects of the initial encounter of Officer Winters and/or the other Defendants.

28. With respect to this Courts discussion, This Honorable Court quoted:
* With respect to an arrestee, "A Police Officer [MUST] ... Provide Medical care to an individual who Has injured during the course of an arrest when the need is so obvious that a reasonable "Trained" Officer would recognize the necessity for attention.

29. Addressing this standard we must note with support of the record attached that the Easton Police Department recieved a call that a Male Was laying

(7)

In the street (namely near dumpster).

30. In route to their dispatch it was unknown whether the Male (The Plaintiff) was hurt, dead, conscious, unconscious, under the influence of alcohol, under the influence of any narcotic or perscription, or whether he was homeless. There was nothing established further than Male laying in the street.

31. It is the Plaintiff's firm belief that protocol(s) and procedure(s) are set in place for Police Officers when these types of situations arise. Within the Officer's reports they acknowledge that the Plaintiff had a strong odor of alcohol on him. The mere fact that he was laying on the street, can give rise to the Plaintiff either being too drunk, hurt from his drunkeness, suffering from his alcohol intake, etc. Yet and still no EMS, Paramedics, Medical team, alcohol test (Field or Breathalizer) was administered, called or at the bare minimum documented suggesting for any Medical, Personel, or expert to make a determination as if the Plaintiff was at risk due to alcohol consumption for the present or future failures.

32. Due to the lack of the above, it was never even considered if the Plaintiff consumed anything life threatening with the alcohol. No drug test (Field etc.)

(8)

was administered. this is important to note because again, the Officer(s) were dispatched for the plaintiff lying in the street, and furthermore with support of the record, Officer(s) repeatedly tried to wake him.

33. If indeed it was outside of the police Officer's field to make any medical determination, Plaintiff, again firmly believes that safety measures, protocol(s), procedure(s) are set in place to ensure the safety of citizens in their care (call EMS, Paramedics, Medical Expert, Etc.)

34. The lack of the believed protocol, testing, etc., till date it is unknown what the plaintiff consumed. His lack of coherentness, alertness etc. enables him to identify what he consumed. (alcohol, drugs, etc.)

35. The finding of Colburn v. Upper Darby Twp. 946 f.2d 1017, 1023 (3d cir. 1991) states that a serious medical need exists where "failure to treat can be expected to lead to substantial and unneccesary suffering." When dealing with the consumption of alcohol alone left untreated there are significant and immediate harmful outcomes, there are also significant and long lasting harmful outcomes. By the Officer(s) omitting protocol, it is unclear if the plaintiff suffered. and furthermore

(9)

if their failure will cause future harm to the Plaintiff.

36. The mixture of alcohol with narcotics is indeed even more problematic. We must note that the Plaintiff was found with (2) seperate baggies of dangerous narcotics (namely Crack cocaine and Powdered cocaine). Officers had enough time to test such narcotics to obtain a conviction/charge, but failed to test the human being to see about his welfare and if his body was in jeopardy or if said narcotics/etc. were mixed with the "strong odor of alcohol" they smelled.

37. Officer Justin Winters and/or the other defendant officer(s) on scene, indeed exercised Deliberate Indifference for failing to follow believed protocol(s) to insure the safety of the Plaintiff trusted within their custody and care.

38. Once at the Police Station, the Plaintiff still incoherent was not afforded any medical attention testing, etc.

39. Once sent to the county jail, still incoherent the Plaintiff was placed in the intake room and was still not seen by prison medical staff for over

(10)

ten (10) hours.

40. Plaintiff believes the jail admission protocol(s) set forth within the prison were not followed.

41. Plaintiff firmly believes there are training, safety protocols, precautions set in place for the officer(s), and prison staff for when dealing with a person picked off the ground with a strong smell of alcohol coming from them and narcotics in their pocket.

42. This Honorable Court states in it's original memorandum opinion that the Plaintiff does not provide any factual allegations pertaining to the nature of the alleged medical need or the purported deliberate indifference.

43. The fact that the Plaintiff was unconscious when police arrived, strongly smelled of alcohol with cocaine and crack cocaine in his pockets and was lying in the street should give rise to any human that "something is not right."

44. The question to this court is: Will a trial prove that there are protocols, procedures, etc. when dealing

with persons such as the Plaintiff?

45. The question to this Court is: If there are protocols, etc. set in place did any of the Defendants violate the Rights of the Plaintiff by failing to uphold their duties?

46. The question to this Court is: For failing to abide by such protocols and delaying any treatment with respects to alcohol and/or alcohol and narcotics mixed, did it cause any harm at the time and further by failing to treat, could such consumption cause future failure and complications to the Plaintiff?

## RELIEF

• Punitive Damages $100,000.00 for each Defendant
• Compensatory Damages $50,000.00 for each Defendant
• Any relief this Honorable court sees fit.
• Appointment of counsel to properly articulate factual claim.

(12)

## EXHIBIT A

## SUPPORT OF ARGUEMENT

1. 35 P.S. § 10012 Law Enforcement Officers; Duty Upon Finding Unconscious Persons: It shall be the duty of all Law Enforcement Officers in this State to make a diligent effort to determine if any person they may find in a semi-conscious or unconscious condition is an epileptic or a diabetic or any person who is suffering from any other type of illness which would cause semi-consciousness or unconscious-ness, before such person may be charged with a crime. If any Law Enforcement Officer shall determine that such person is actually suffering from an affliction which would cause semi-consciousness or unconsciousness, it shall be his duty to notify such persons physician immediately, or to have such person immediately transported to a physician or to some facility where services of a physician are available.

2. The 3rd Circuit has found deliberate indifference "in situations where necessary medical treatment is delayed for non-medical reasons."

(12)

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| CR2264-18 | 08/03/18 | X196570-3 | 20180803M6757 |

| Defendant Name | First JAHMAES | Middle ZAIRE | Last DATES |
|---|---|---|---|

## AFFIDAVIT of PROBABLE CAUSE

1. Your Affiant is a duly sworn Police Officer for the City Of Eaton Police Department assigned to the 1800-0600hrs tour of duty. At the time of this incident, your Affiant was in full uniform in a fully marked patrol vehicle.

2. Officers were dispatched the the Dunkin Donuts, 1300 Northampton St, for a report of a male laying in the street. Officers arrived on scene and located this male, Jahmaes Dates (defendant), in the Unit block of S 13th St, behind te Dunkin Donuts. When Officers mde contact with the defendant, I could immediately smell an odor of an alcoholic beverage coming from the defendant's person. While trying to wake the defendant up, I observed a black handgun to be tucked/concealed in the waistband of the defendant's pants. When first making contat with the defendant, his shirt was covering the firearm, completely concealing it. After taking possession of the firearm, a Para Hi Cap Warthog .45 caliber handgun bearing serial number P176400, it was confirmed through Slate Belt Regional Police Department that the firearm was stolen, with the NIC#G773727908.

3. It was also confirmed that the defendant did not have a proper conceal carry permit and was also a felon not to possess, with having two Possessions with Intent To Deliver a Controlled Substance charge on his record that he plead guilty to.

4. The defendant was also found to be with two clear baggles, containing 2.2g of crack cocaine and 3.9 grams of powdered cocaine. The crack cocaine and powdered cocaine were field tested with positive results.

5. Your Affiant respectfully asks that the defendant, Jahmaes Dates, answers to the charges listed above.

I, **OFFICER JUSTIN WINTERS (1766)**            , BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE *CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA* THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

1769
(Signature of Affiant)

Sworn to me and subscribed before me this 3 day of AUGUST 2014

8/3/18 Date _____, Magisterial District Judge

My commission expires first Monday of January, 2020



## VERIFICATION

I verify that the facts contained in the above amendment are true and correct to the best of my knowledge, information and belief. I understand that the facts herein are verified subject to the penalties for unsworn falsification to authorities under crimes code, section 4904 (18 Pa.C.S. § 4904)

April 17, 2021
DATE

_Jahmaes Z. Dates_
JAHMAES ZAIRE DATES

## CERTIFICATION OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the people and manner indicated below,

(U.S. MAIL)

The United States District Court
For The Eastern District of Pennsylvania
(Office of The Clerk)
Philadelphia, Pa. 19106-9865

FROM:

Jahmaes Zaire Dates
# NY-4983
SCI - Benner Township
Bellefonte, Pa. 16823

Jahwaes Oaks
# MY-4983
SCI - Benner Township
301 Institution Drive
Bellefonte, Pa 16823

INMATE MAIL
PA DEPT OF
CORRECTIONS

U.S. POSTAGE >> PITNEY BOWES

ZIP 16823
02 4W
0000376203 APR 27 2021
$ 001.40°

1910631796 0019

Clerk of Court, EDPa
James A. Byrne U.S. Courthouse
Room 2609
601 Market Street
Philadelphia, Pa 19106

U.S.M.S.
M.Y-RM