IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAHMAES ZAIRE DATES,<br>    Plaintiff, | CIVIL ACTION |
| v. | |
| JUSTIN WINTERS et al.,<br>    Defendants. | NO.  21-0037 |

## MEMORANDUM OPINION

On August 3, 2018, Plaintiff was discovered unconscious or sleeping on the ground behind a Dunkin Donuts in Northampton County, Pennsylvania, by a passing garbage crew. Someone called the police who, upon arriving on the scene, smelled alcohol on Plaintiff.  In the course of rousing him, they found a gun and two bags containing cocaine.  Plaintiff was taken to the police station and received no medical attention.  He later pled guilty to unlawful possession of a firearm under 18 Pa. C.S. § 6105(a)(1), and is now serving time in state prison.[1]

On January 4, 2021, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 asserting that the seizure of the firearm violated his Fourth Amendment rights and that the officers showed deliberate indifference to his medical needs in contravention of the Due Process Clause of the Fourteenth Amendment.  Plaintiff's Complaint was initially dismissed without prejudice for failure to state a claim.  *See Dates v. City of Easton Police Dep't*, 2021 WL 695116 (E.D. Pa. Feb. 23, 2021).  Defendant Justin Winters, one of the police officers who detained Plaintiff, now moves to dismiss the Amended Complaint.  For the reasons that follow, Defendant's Motion will be granted and Plaintiff's Amended Complaint will be dismissed with prejudice.

---

[1] *See Commonwealth v. Dates*, CP-48-CR-0003581-2018 (C.C.P. Northampton Cnty. filed Aug. 3, 2018).

1

I. **LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). Legal conclusions are disregarded and well-pleaded facts are taken as true. *Id.* at 210-11. A *pro se* complaint is liberally construed. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

II. **DISCUSSION**

    A. **Fourth Amendment Claim**

Defendant argues that Plaintiff's Fourth Amendment claim is barred by the statute of limitations. "In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Pennsylvania's statute of limitations for personal injury is two years. *Id.*; 42 Pa. C.S. § 5524.

"[A] cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp. of Del., Inc.*, 142 F.3d at 599). "Accrual is the occurrence of damages caused by a wrongful act—when a plaintiff has a

complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (internal quotation marks omitted). For tort actions, the accrual date is "when the wrongful act or omission results in damages." *Id*. (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).

In the Third Circuit, "[a] claim that a search was unconstitutional accrues when the officer conducts the search, not when a court later declares it unconstitutional," because the "moment of the search" is "when the last act needed to complete the tort occurs." *Ngyuen v. Pennsylvania*, 906 F.3d 271, 272, 273 (3d Cir. 2018) (citing *Kach*, 589 F.3d at 634).[2] In this case, officers searched Plaintiff and seized his firearm on August 3, 2018. Therefore, the two-year statute of limitations expired on August 3, 2020. Plaintiff's Complaint was untimely because it was filed on January 4, 2021—154 days after the statute of limitations had run.

Plaintiff argues that the statute of limitations should be equitably tolled so that his claim may proceed. Equitable tolling may apply when extraordinary circumstances prevent a plaintiff from asserting his rights. *Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 996 (Pa. 2020); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).[3] Courts have recourse to the remedy of equitable tolling "only sparingly." *Kach*, 589 F.3d at 645. The plaintiff must show (1) the diligent pursuit

---

[2] The constitutional injury that occurs at the moment of the search or seizure is the injury that seals the plaintiff's "complete and present cause of action," triggering the accrual of the claim. *See Cerro Metal Prods. v. Marshall*, 620 F.2d 964 (3d Cir. 1980) ("[A]n inspection violating the Fourth Amendment would constitute irreparable injury for which injunctive relief would be appropriate."); *United States v. Calandra*, 414 U.S. 338, 354 (1974) (explaining that the "unreasonable governmental intrusions" barred by the Fourth Amendment constitute a wrong that is "fully accomplished by the original search without probable cause," and that subsequent criminal proceedings based on the illegally obtained evidence "work no new Fourth Amendment wrong").

[3] Absent a conflict with federal law, state law tolling principles govern Section 1983 claims, *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015). The elements of equitable tolling in extraordinary circumstances are the same under federal and state law. *Compare DiGuglielmo*, 544 U.S. at 418 *with Dubose*, 173 A.3d at 644. Therefore, Pennsylvania courts sometimes look to federal precedents in applying this kind of equitable tolling. *See, e.g.*, *Dubose*, 173 A.3d 634, 644-45 (Pa. 2017) (defining equitable tolling by reference to *Lozano v. Montoya Alvarez*, 572 U.S. 1 (2014)); *Garlick v. Lock Haven Univ.*, 2008 WL 9405237, at *3 (Pa. Commw. 2008) (looking to federal district court precedent to fill gap in Pennsylvania law on equitable tolling).

of his or her rights, and (2) the intervention of extraordinary circumstances. *DiGuglielmo*, 544 U.S. at 418; *Dubose v. Quinlan*, 173 A.3d 634, 644 (Pa. 2017). The second element demands a causal connection between the extraordinary circumstances alleged and the failure to timely file. *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

Plaintiff argues that the COVID-19 pandemic constitutes an extraordinary circumstance that would justify tolling, especially because he could not access law library services at his correctional institution from March 2020 to October 2020. But Plaintiff has not advanced facts sufficient to satisfy either element of the test.

First, Plaintiff has not described any particular action that he took to diligently pursue his rights. Nineteen months passed from the accrual of his claim in August 2018 and the onset of the COVID-19 pandemic in March 2020. Plaintiff does not explain what he did to pursue his claims during that time.[4] He contends that he "was only able to get his criminal proceedings in" before lockdowns set in across the country in March 2020, but criminal detainees are not entitled to equitable tolling just because they would otherwise have to "divide their attention between criminal and civil cases." *Wallace*, 549 U.S. at 396.

Second, Plaintiff has not alleged any facts establishing a causal connection between his inability to access law library services for six months and his failure to timely file his complaint. Litigants across the country have sought equitable tolling due to the COVID-19 pandemic. Courts have uniformly held that such plaintiffs must show that the pandemic specifically and actually impeded their ability to take action within the statute of limitations—it is not enough to invoke the pandemic as a catch-all extraordinary circumstance. *See, e.g.*, *Lewis v. Postmaster*

---

[4] Plaintiff's allegation that he "was in fact pursuing his rights diligently and vigorously" prior to the pandemic is a legal conclusion unsupported by factual allegations. Therefore, it is not entitled to a presumption of truth. *Fowler*, 578 F.3d at 210 (citing *Iqbal*, 556 U.S. at 678).

*Gen.*, 2022 WL 109007, at *2 (3d Cir. Jan. 12, 2022); *Hill v. Kauffman*, 2021 WL 4467582, at *5 (E.D. Pa. Jul. 27, 2021), *report and recommendation adopted*, 2021 WL 4453639 (E.D. Pa. Sept. 29, 2021); *Harding v. Warden Mason of SCI Mahanoy*, 2021 WL 5177711, at *3 (E.D. Pa. Nov. 8, 2021); *Russi v. Smith*, 2022 U.S. Dist. LEXIS 6154, at *4-7 (E.D. Pa. Jan. 12, 2022); *United States v. Henry*, 2020 WL 7332657, at *3-5 (W.D. Pa. Dec. 14, 2020), *aff'd by* 2021 WL 3669374 (3d Cir. June 3, 2021).

Nor does an inability to access library services constitute sufficient cause for equitable tolling.  *See, e.g.*, *Harding*, 2021 WL 5177711 at *3 (inability to access law library during pandemic did not support equitable tolling); *Taylor v. United States*, 2021 WL 1164813, at *3 (E.D. Mo. Mar. 26, 2021) (same).  Furthermore, Plaintiff filed his Complaint on the standard form for *pro se* prisoners bringing civil rights claims, such that he did not need to cite to case law; he just had to describe what happened.  *See Harding*, 2021 WL 5177711 at *3.

As Plaintiff has not demonstrated extraordinary circumstances sufficient to trigger equitable tolling, his Fourth Amendment claim must be dismissed with prejudice as untimely.  *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000) (undue delay may justify denial with prejudice).

### B.  Serious Medical Need Claim

To state a claim of deliberate indifference to a serious medical need, the "evidence must show (i) a serious medical need, and (ii) acts or omissions by [defendants] that indicate deliberate indifference to that need."  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  Defendant argues that Plaintiff's Fourteenth Amendment claim must be dismissed for failure to state a claim because Plaintiff has not alleged facts showing a serious

medical need.[5] "A serious medical need exists where 'failure to treat can be expected to lead to substantial and unnecessary suffering,' and a doctor has diagnosed the condition, or the need for treatment would be obvious to a lay person." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)).[6] For example, a medical need is serious if "unnecessary and wanton infliction of pain" or "life-long handicap or permanent loss" result from the denial or delay in the provision of medical care. *Monmouth Cnty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Plaintiff has not alleged that he had any medical need on August 3, 2018. Plaintiff argues that the fact that he was unconscious on the ground should have alerted the officers to the fact that he *might* be hurt due to drinking or drugs. But Plaintiff never alleged that he ingested drugs and drunkenness alone is not serious medical need. *See Colburn*, 946 F.2d at 1029 (failure to place all intoxicated detainees in a detoxification center does not demonstrate deliberate indifference to a serious medical need); *Grayson v. Peed*, 195 F.3d 692, 696 (4th Cir. 1999) (officers are not constitutionally required to "take all criminal suspects under the influence of drugs or alcohol to hospital emergency rooms rather than detention centers"). And although Plaintiff argues that he "was experiencing a medical emergency" because he was unconscious, he does not deny that the police managed to rouse him before detaining him, nor does he allege that

---

[5] Defendant also argues that this claim should be dismissed as untimely. A serious medical need claim accrues at the time of injury. *See Kach*, 589 F.3d at 634 (usually, tort claims accrue "at the time the plaintiff suffers an injury"); *McCargo v. Camden Cnty. Jail*, 693 F. App'x 164, 166 (3d Cir. 2017) (pretrial detainee's serious medical need claim accrued while he endured the harmful conditions of confinement); *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991) (analogous state tort claim of medical malpractice accrues "when the injury is sustained"). As Plaintiff has not alleged that he ever sustained an injury, his Fourteenth Amendment claim never accrued and the statute of limitations never began to run.

[6] Although *Dooley* concerned a sentenced inmate's deliberate indifference claim under the Eighth Amendment, Plaintiff's Fourteenth Amendment claim is evaluated under the same standard. *Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

any consequences flowed from the officers' failure to seek treatment for this purported emergency.[7] In his opposition brief, Plaintiff maintains that "[a]t the time of his arrest [his] known medical conditions were: Hypertension, Bipolar Depression, Anxiety, P.T.S.D., Chronic Hand Pain, and Acid Reflux Disease," none of which conditions he included in either his initial Complaint or his Amended Complaint.  But even assuming that Plaintiff had these underlying conditions, the fact remains has not alleged that he was actually in need of medical treatment, or that he later suffered "unnecessary pain" or any other harm because no treatment was provided. *Lanzaro*, 834 F.2d at 347.[8]  To the contrary, Plaintiff concedes that "it is unclear if the Plaintiff suffered and furthermore if their failure will cause future harm to Plaintiff."

Plaintiff's speculative allegations that the officers should have seen that he *might* have

---

[7] For this premise, Plaintiff relies on *Mitchell v. Wisconsin*, which held that unconsciousness constitutes an exigent circumstance under the Fourth Amendment, permitting a blood test to be administered to a suspected drunk driver without a warrant.  139 S. Ct. 2525, 2531 (2019).  Although *Mitchell* stated in dicta that unconsciousness is a medical emergency, *id.* at 2537, it did so in the context of the Fourth Amendment.  *Mitchell* did not hold that unconsciousness always constitutes a serious medical need under the Due Process Clause or the Eighth Amendment.

The other cases on which Plaintiff are distinguishable on the facts.  In *Bozeman v. Orum*, 422 F.3d 1265, 1273 (11th Cir. 2005), *abrogated on other grounds by Kinglsey v. Hendrickson*, 576 U.S. 389 (2015), the parties agreed that the decedent "had a serious medical need once his breathing was impaired and he became unconscious."  *Id.* at 1272.  The Eleventh Circuit held that officers who sought no medical assistance for fourteen minutes after realizing his condition had disregarded the inmate's medical risk "in a way that exceeded gross negligence."  *Id.* at 1273.  But this holding was based on the fact that "[a] delay in care for known unconsciousness brought on by asphyxiation is especially time-sensitive and must ordinarily be measured not in hours, but in a few minutes."  *Id.*  Plaintiff has not alleged that he ever stopped breathing.  Plaintiff also relies on *Barton v. Taber*, 820 F.3d 958 (8th Cir. 2016).  But the decedent in *Barton* exhibited symptoms of distress that are altogether absent here: he collapsed and became unresponsive at the scene of the accident, in front of the officers, and he could not stay upright or answer questions even after arriving at the detention center.  *Id.* at 962, 965.  Furthermore, the *Barton* Court confirmed that "we can assume that most individuals arrested on intoxication-related charges are not in obvious need of prompt medical care."  *Id.* at 964.  Notably, the detainees in both *Barton* and *Bozeman* suffered an injury (death) after not receiving medical care.  Plaintiff has not alleged any injury.

[8] Plaintiff also alleged that almost a year after the arrest, in June 2019, he "was found to have only one kidney, Hypertension that is more severe than originally thought, Abdominal problems, and lesions on his spine."  His blood pressure has "reached heights of 178/110," an allegedly dangerous level for someone with only one kidney.  Plaintiff does not, however, allege that these conditions have any causal link to the events of August 3, 2018.  In any event, facts raised for the first time in opposition to a motion to dismiss cannot be considered.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (In deciding a motion to dismiss, courts "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").

7

needed treatment, absent any facts suggesting that he actually did need treatment or that he ever suffered harm, do not plausibly allege the existence of a serious medical need at the time of his arrest. *Iqbal*, 556 U.S. at 678 (2009). Therefore, his Fourteenth Amendment claim must be dismissed. As Plaintiff has already amended his Complaint once, granting leave to amend again would be futile, and dismissed shall be with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002).

An appropriate order follows.

                                      **BY THE COURT:**

                                      /s/Wendy Beetlestone, J.
                                      _____
                                      **WENDY BEETLESTONE, J.**